DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RENEWABLE LUBRICANTS, INC., ) | |
| ) | CASE NO.  5:10-CV-0042 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED BIO LUBE, *et al.*, ) | **AND ORDER** |
| ) | **(Resolving ECF No. 50)** |
| Defendants. ) | |
| ) | |

The above-captioned matter involves, *inter alia*, a trademark infringement dispute filed by Plaintiff Renewable Lubricants, Inc. ("RLI") against Defendant Jeffrey S. Marth as an individual and doing business as United Bio Lube (collectively, "Defendants") who resides in California.  Before the Court is Defendants' motion for leave to file *instanter* their first amended answer and affirmative defenses pursuant to Federal Rule of Civil Procedure 15(a)(2).  Plaintiff RLI opposes the motion.

For the following reasons, the Court DENIES Defendants' motion for leave to file *instanter* their first amended answer and affirmative defenses.

**I. Relevant Background**

RLI initiated this suit on January 8, 2010.  The Court referred this matter to Magistrate Judge Benita Pearson for general pretrial supervision on January 13, 2010.  Defendants, acting *pro se*, and RLI filed a stipulated motion for leave to answer the Complaint until April 30, 2010, which the Court granted.  Defendants filed their answer on April 30, 2010.  RLI requested leave

(5:10-CV-0042)

to file its first amended verified complaint on May 12, 2010, which the Court granted on May 14, 2010. Defendants, *pro se*, filed an answer to the first amended complaint on July 7, 2007.

Magistrate Judge Pearson conducted a Case Management Conference on July 30, 2010. Defendants were permitted to attend the conference by telephone, but the Court, after several attempts was unable to contact Defendants who were still acting *pro se*. The conference continued in Defendants' absence and the Court adopted the parties' agreed upon date of August 13, 2010, to amend pleadings. On August 19, 2010, attorneys from the law firm of Benesch, Friedlander, Coplan & Aronoff LLP entered an appearance on behalf of Defendants. On the same date, the Court terminated the referral of the case to Magistrate Judge Pearson.

On October 7, 2010, Defendants, through counsel, filed the instant motion for leave to amend their answer. RLI filed its motion in opposition on October 14, 2010. On October 18, 2010, Defendants' counsel from the law firm of Benesch, Friedlander, Coplan & Aronoff LLP ("Movants") moved the Court to withdraw as counsel for Defendants. The Court granted Movants' motion to withdraw on October 19, 2010.

**II. Law and Analysis**

In the present case, there is no dispute that the deadline for amending pleadings has long passed, without request for an extension. Under these circumstances, "the district court could allow Plaintiffs to file their [amended answer] only if the scheduling order was modified." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Modification of a scheduling order is governed by Rule 16(b)(4), which permits modification "only for good cause and with the judge's consent." This means that the party seeking amendment must show "good cause" for its failure

-2-

(5:10-CV-0042)

to comply with the original schedule, "by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907.

*Leary* makes clear that a party's request for leave to amend a complaint after a deadline set by the Court for doing so has long passed must be evaluated under the "good cause" standard required to modify a scheduling order prescribed by Rule 16, and not the more liberal standard for amendments prescribed by Rule 15. As the Sixth Circuit stated, "once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15." *Leary*, 349 F.3d at 908. The Court's determination of whether the "good cause" standard is met must include the consideration of whether the party opposing the motion will be prejudiced by it. *Korn v. Paul Revere Life Ins. Co.*, 2010 WL 2587947 at *5 (6th Cir. 2010) (*citing Leary*, 349 F.3d at 906, 908.).

Defendants do not move to modify the Court's scheduling order; they only assert Rule 15 as the basis to amend their answer. As the Sixth Circuit instructs, the "good cause" requirement of Rule 16 must be met before the analysis under Rule 15 is discussed. Therefore, if the Court finds that Defendants have not shown good cause to modify the Court's scheduling order under Rule 16, this is enough to deny Defendants' motion to amend their answer. Defendants argue that the only reason for failing "to include affirmative defenses in their Answer was simply an oversight attributable to Defendants' representation of themselves *pro se*." ECF No. 50 at 3. Defendants also claim that Plaintiff will not be prejudiced "because the case is still

-3-

(5:10-CV-0042)

in the early stages of discovery . . . [and] [t]here is no reason why [the amendment] would require a change in the case schedule or delay the trial of this matter."  ECF No. 50 at 3.

The Court finds that Defendants' *pro se* status does not demonstrate diligence, nor excuse the failure, to include affirmative defenses in their previously filed answers to the original and amended Complaint.  *See Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993) ("*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment"); *see also Pilgrim v. Littelfield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.").  Additionally, Defendants have not shown that Plaintiff will not be prejudiced by the amendment.  Defendants' stated reasons for lack of prejudice to Plaintiff fall flat.  The case is not "in the early stages of discovery" as Defendants claim and an adjustment to the Case Management Plan will be inevitable if Defendants are permitted to amend their answer.  Given the reoccurrence of Defendants' *pro se* status, the Court anticipates, but hopes Defendants' efforts prove otherwise, that communication between and among the parties and the Court may be an issue in this case once again.

### III.  Conclusion

The Court's deadline to file amended pleadings had clearly passed upon the filing of Defendants' motion for leave to amend the answer.  For that reason and the reasons stated above,

(5:10-CV-0042)

the Defendants' motion for leave to file *instanter* their first amended answer and affirmative defenses (ECF No. 50) is DENIED.

    IT IS SO ORDERED.

| | |
|---|---|
| October 27, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |